UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SPEARS** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-7628** |
| **STATE FARM FIRE AND CASUALTY CO.** | **SECTION: I/1** |

### ORDER

Before the Court is the motion to remand filed on behalf of plaintiffs, Charles and Linda Spears. Plaintiffs argue that this Court lacks subject matter jurisdiction over this matter and that the case should be remanded to state court. For the following reasons, plaintiffs' motion is **DENIED**.

### *BACKGROUND*

On or about August 29, 2005, Hurricane Katrina struck the New Orleans area and caused severe damage to plaintiffs' property, which was insured by defendant, State Farm Fire and Casualty Company ("State Farm"). Plaintiffs filed a petition in state court on August 22, 2006. In their petition, plaintiffs allege that defendant, State Farm, failed to properly adjust their claims and unfairly denied them coverage for wind damage as provided for in their policy.[1] Plaintiffs argue that the "anti-concurrent cause" clause, which State Farm relied on to deny plaintiffs coverage for wind damage, is invalid under Louisiana law.[2] Plaintiffs also allege that they were not provided with a copy of their insurance policy. Plaintiffs claim that they are entitled to damages and penalties from State Farm pursuant to La. Rev. Stat. §§ 22:658 and 22:1220.[3]

---

[1] Rec. Doc. No. 1-2, pp. 7-8.

[2] Rec. Doc. No. 1-2, p. 10.

[3] Rec. Doc. No. 1-2, p. 12.

Plaintiffs allege that State Farm is a foreign insurer licensed to do business in Louisiana.

Plaintiffs' petition also includes allegations against Sue Cambre, an agent for State Farm and a Louisiana domiciliary. Plaintiffs contend that, when they purchased their homeowner's policy from Cambre, she negligently failed to alert them to the presence of the "anti-concurrent cause" clause and the exclusion for water damage; plaintiffs argue that they relied on this misrepresentation to their detriment.[4] Plaintiffs purchased their homeowner's policy through Cambre in 2001 and renewed it annually.[5]

On October 10, 2006, State Farm removed plaintiffs' case to this Court. State Farm argues that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. State Farm claims that diversity exists between the parties because Cambre has been improperly joined and should be dismissed. State Farm argues that plaintiffs' claims against Cambre are perempted or, in the alternative, that plaintiffs have failed to state a claim against Cambre.[6] Plaintiffs filed their motion to remand on November 2, 2006.

## *LAW AND ANALYSIS*

**I. Standard of Law**

*A. Motion to Remand*

---

[4]Rec. Doc. No. 1-2, pp. 4-5.

[5]Rec. Doc. No. 9-2, pp. 1-2.

[6]In its removal petition, State Farm argued that the Court also has jurisdiction over this matter pursuant to 28 U.S.C §§ 1369(a) and 1441(e)(1). Rec. Doc. No. 1, pp. 7-10. This Court has previously rejected these statutes as proper bases for jurisdiction in similar cases. *See, e.g.*, *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006). Counsel for State Farm did not renew these jurisdictional arguments in response to plaintiffs' motion to remand, and the Court finds no need to reiterate its previous reasoning. The Court, however, incorporates the applicable legal standards and analysis with respect to jurisdiction pursuant to 28 U.S.C §§ 1369(a) and 1441(e)(1) from its prior opinions as though fully written herein.

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*B. Improper Joinder*

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts,[7] or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[8] In *Smallwood*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

---

[7] There are no allegations of actual fraud in the pleading of jurisdictional facts, as no party disputes that defendant Cambre is a Louisiana domiciliary. *See, e.g.*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. 1981).

[8] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.,* 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id.*

## II. Discussion

*A. Improper Removal*

Plaintiffs first argue that defendant's removal is improper because Cambre did not join in the removal petition. As defendant notes, however, an improperly joined party need not consent

or join the removal. *See Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

*B. Diversity of Citizenship*

Plaintiffs next argue that their case should be remanded because there is not complete diversity between the parties: plaintiffs and defendant Cambre are domiciled in Louisiana. State Farm contends that plaintiffs have no reasonable possibility of recovery against Cambre because their claims against her are perempted. Plaintiffs argue that the Court should not pierce the pleadings to make such a finding; they also provide the affidavit of plaintiff Linda Spears and allege that her statements show that their claims are not perempted.

La. Rev. Stat. § 9:5606 provides the peremptive period for actions against insurance agents. That statute states that an action against an insurance agent must be brought within one year of the alleged negligent act or omission or within one year from the discovery of the alleged negligent act or omission; in addition, even as to actions filed within one year of the date of discovery, no action may be filed more than three years from the date of the alleged negligent act or omission.[9]

---

[9]La. R.S. § 9:5606 provides in pertinent part:

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the

Plaintiffs' petition does not include reference to specific dates.  The petition, however, does make clear that plaintiffs' allegation against Cambre stem from her acts and omissions at the time they purchased their homeowner's policy.[10]  While plaintiffs' petition is silent as to the date that plaintiffs purchased their policy from Cambre, plaintiff Linda Spears notes in her affidavit that she and her husband purchased their policy on July 19, 2001, more than three years prior to Hurricane Katrina.[11]

Plaintiffs argue that the Court should not pierce the pleadings because their petition states a claim against Cambre and such an inquiry places an undue burden on plaintiffs.  As mentioned above, in order to resolve plaintiffs' basis for recovery under state law, the court may pierce the pleadings and conduct a summary inquiry.  *See Smallwood*, 385 F.3d at 573.  "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 310 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 576-74).  "When determining [improper] joinder, the district court may look to the facts as established by summary judgment

---

date of the alleged act, omission, or neglect.
. . . .
C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

[10]Plaintiffs' petition states that "[w]hen petitioners purchased its homeowners' policy from defendant Cambre, defendant Cambre . . . negligently failed to alert them as to the presence of the 'anti-concurrent cause' clause and the exclusion for water damage in said wind policy."  Rec. Doc. No. 1-2, pp. 4-5.  Plaintiffs allege that "[t]he existence of these provisions was concealed from petitioners, who relied to their detriment upon the misrepresentations by defendant Cambre," and that Cambre "owed a duty to supply correct information."  Rec. Doc. No. 1-2, p. 5.  Plaintiffs also specify that "[d]efendant, Cambre . . . negligently omitted to supply correct information or supplied incorrect information to petitioners when Charles T. Spears and Linda Spears purchased their policy."  *Id.*

[11]Rec. Doc. No. 10-3, p. 2; *see also* Rec. Doc. No. 9-2, p. 1 (affidavit of defendant Cambre).

evidence as well as the controlling state law." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). The Court finds that the date plaintiffs purchased their policy from Cambre is precisely the sort of discrete and undisputed fact to justify piercing the pleadings in this matter. This date is admitted by plaintiffs, and plaintiffs will face no undue burden by having to address this obvious and critical fact. Considering the peremptive period for actions against insurance agents set forth by La. Rev. Stat. § 9:5606, the date plaintiffs purchased their policy in 2001, and the date plaintiffs filed this lawsuit in 2006, the Court finds that plaintiffs' claims against defendant Cambre are perempted.

Plaintiffs alternatively argue that allegations contained in the affidavit of Linda Spears contradict State Farm's contention that their claims are perempted. Plaintiffs state that the affidavit shows that "there were ongoing communications between plaintiff and the agent which included communication concerning policy changes necessary to obtain adequate coverage for plaintiff's addition."[12] Linda Spears's affidavit states that plaintiffs requested and received an increase to their insurance coverage in late 2002. There are no allegations in the affidavit regarding Cambre's negligence except that Cambre "did not furnish the plaintiffs with a copy of the policy and/or declarations page."[13] Allegations regarding continued communication between plaintiffs and Cambre are not referenced in plaintiffs' petition and are thus inappropriate for the Court to consider in judging defendant's removal. *See Manguno*, 276 F.3d at 723 ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."). Nor are these the sort of discrete and

---

[12] Rec. Doc. No. 10-4, p. 7.

[13] Rec. Doc. No. 10-3, p. 2.

undisputed facts for which the Court might pierce the pleadings.[14]

Considering the failure of plaintiffs to show a reasonable possibility of recovering against defendant Cambre, Cambre will be dismissed from this case as improperly joined.[15] Without Cambre, complete diversity exists between the remaining parties, and the Court maintains subject matter jurisdiction over this action.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs, Charles and Linda Spears,[16] is **DENIED**. Defendant, Sue Cambre, is **DISMISSED** as a party to this action.

New Orleans, Louisiana, April ___2nd___, 2007.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] Indeed, Cambre's affidavit disputes the assertion by Linda Spears that plaintiffs requested an increase in their insurance coverage after August 29, 2002. Instead, Cambre states that plaintiffs requested this increase on June 17, 2002, Rec. Doc. No. 13-4, p. 1, suggesting that plaintiffs' claims related to this transaction may be perempted as well.

[15] Defendant argues, in the alternative, that plaintiffs have failed to state a claim against Cambre. Rec. Doc. no. 9, pp. 14-15. Considering its finding that plaintiffs' claims are perempted, the Court finds no need to address this argument.

[16] Rec. Doc. No. 3.